## CARVER v. SMITH.

1. Appeal from Justice's Court—Jurisdiction.
    The return of a justice, in a cause appealed to the circuit court, that plaintiff declared in a plea of trespass on the case, that defendant pleaded the general issue, and that judgment was rendered for the plaintiff, is sufficient to confer jurisdiction.

2. Same—Lost Files—Amplification of Return—Procedure.
    Where the defendant in a cause appealed from justice's court appears in the circuit, and objects to the court's taking jurisdiction because no declaration is returned, plaintiff may be permitted to show by the affidavit of the justice, without formal motion, that the original declaration has been lost, and that a declaration attached to the affidavit is, to the best of affiant's knowledge and belief, the same as that filed in justice's court.

Error to Wayne; Hosmer, J. Submitted April 28, 1897. Decided May 28, 1897.

Case by Walter Carver against Horace Smith for breach of warranty. From a judgment for plaintiff, defendant brings error. Affirmed.

*Hamilton Baluss*, for appellant.

*A. Ward Copley* and *E. M. Vining*, for appellee.

HOOKER, J.  The return of the justice shows that the plaintiff declared in a plea of trespass on the case, and that the defendant pleaded the general issue.  Upon the trial the justice rendered judgment for the plaintiff for $30, from which the defendant appealed.  At circuit, and before trial, the defendant raised the point that there was no declaration, and that the trial should not proceed without one.  Counsel for plaintiff then offered an affidavit of the justice that the declaration was lost, and that he could not find it after diligent search, and that a declaration attached to the affidavit was, to the best of his knowledge and belief, the same as the one filed in justice's court.  The circuit court allowed this affidavit to be filed, subject to objection, and proceeded with the trial.  The court, under a misapprehension, said that a declaration might be filed later, and that he would consider it filed and proceed.  As a fact, the declaration was attached to the affidavit filed, and it was soon brought to the attention of the court, by defendant's counsel himself, in connection with an objection that certain testimony tending to show unsoundness in a mare had no basis in the declaration.  The court overruled the objection.

It is contended:

1.  That the return of the justice did not confer jurisdiction on the circuit court.

2.  That, if the plaintiff wished to complete the court's jurisdiction, he should have made a motion and showing, and given notice.

3.  That the evidence should have been excluded, as there was no issue before the court.

4.  That the new declaration was in *assumpsit*, and changed the form of action.

5.  That no cause of action was set out in the declaration, and no issue was joined.

6.  That the court erred in permitting the filing of this declaration, as the affidavit did not show that he knew or remembered the substance of the declaration filed, and the statute (2 How. Stat. §§ 7639–7642) was not followed.

We think there is no error in the record.  The return of the justice conferred jurisdiction, and a formal motion

to supply the declaration was not necessary, under the circumstances.    The defendant raised the question when the case was reached for trial, and, being personally present, had notice of the application.    A broad discretion is given to courts of general jurisdiction, in perfecting an issue by amendment, or supplying lost files, and we should not interfere with it where no hardship has been suffered.    Had the defendant asked to be allowed to file a demurrer to the declaration, or to add to his plea of the general issue, and been refused, to his injury, we would be called upon to consider the question, but we do not discover that he did so.

The declaration filed counts in trespass on the case for a breach of warranty, which, for aught that appears, was the identical question tried by the justice.

We discover no error, and the judgment is affirmed.

The other Justices concurred.